## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OMAYRA REYES | Civil No. |
| Plaintiff | |
| | Medical Malpractice |
| VS. | |
| BEST OPTION HEALTHCARE PR, INC.; JANE DOE; INSURANCE COMPANY "A"; INSURANCE COMPANY "B" | Plaintiff Demand Jury Trial |
| Defendants | |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes now Plaintiff, through the undersigned counsel, and very respectfully state, allege and pray:

### I. Nature of Action

1. This is a medical malpractice case against the Defendants, in which Plaintiff requests redress for damages sustained because of Defendants' fault or negligence, by not diagnosing and/or treating the medical condition present in Carmen Delia Mestre Ortiz ("Carmen" or "the deceased") adequately and on time, causing her death. Plaintiff, the decedent's daughter, alleges that, as a result thereof, Defendants are liable under Article 1802 and Article 1803 of the Puerto Rico Civil Code, 31 LPRA 5141, 5142, for the damages caused.

## II. Jurisdiction and Venue

2. This court has jurisdiction to hear this action pursuant to 28 U.S.C. § 1332, since there is complete diversity of citizenship between the parties and the amount in controversy exceeds seventy five thousand dollars ($75,000,000), exclusive of costs and interests.

3. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. § 1391, since the events that gave rise to this cause of action occurred in the District of Puerto Rico.

## III. The Parties

4. Plaintiff Omayra Reyes, daughter of the deceased, is of legal age and citizen of Reading, Pennsylvania.

5. Defendant Best Option Healthcare PR, Inc. ("Best Option") is an institution dedicated to offering a variety of specialized home health services in the Commonwealth of Puerto Rico that in compelled to meet the needs of the patient, doctor's orders and health plan requirements. Best Option is the employer or principal contractor of the Nurse, *infra*, responsible for providing or having provided adequate medical treatment to Carmen. Best Option is a corporation organized under the laws of the Commonwealth of Puerto Rico, with principal place of business in Puerto Rico.

6. Defendant Jane Doe ("the Nurse"), whose real name is presently unknown, is the nurse employed by Best Option that provided treatment to Carmen, and therefore is jointly liable to Plaintiff for all of the suffered damages caused by her own fault or negligence. The Nurse is a citizen of the Commonwealth of Puerto Rico.

7. Insurance Company "A" and Insurance Company "B", whose real names are presently unknown, issued insurance policy or policies in favor of one or more of the Defendants that covers all or part of the negligence, risks, damages, occurrences and/or events alleged in this Complaint.

These companies are directly liable to Plaintiffs for the damages claimed in this suit, under the provisions of 26 LPRA § 1003, *et seq*. Insurance Company "A" and Insurance Company "B" are corporations organized under the laws of the Commonwealth of Puerto Rico, or of a state other than Pennsylvania, with principal place of business in Puerto Rico, or in a state other than Pennsylvania.

8. All parties identified in paragraphs 5 thru 7 are collectively referred hereinafter as "Defendants".

### IV. Facts of the Case

9. On the morning of Friday, September 6th 2013, Carmen went to a medical appointment with her primary doctor, Roberto E. Peguero, MD, in Humacao, Puerto Rico, because of blisters and boils that had appeared on the skin of Carmen's left leg. Upon examining said leg, Dr. Peguero recommended that Carmen receive treatment from Best Option and made the corresponding efforts to get Carmen started on it.

10. By the afternoon of this very same date Carmen had already contracted with Best Option and immediately began to receive treatment at her home through the Nurse that Best Option assigned to Carmen. From that day forward, the Nurse would come and treat Carmen at her home on a weekly basis, every Friday.

12. On Thursday, October 10, 2013, Carmen began to feel very ill. Her health was deteriorating. Carmen called the Nurse for an emergency visit but the Nurse declined coming to check Carmen over because the Nurse said she had a dentist appointment. The nurse told Carmen that she would visit on Friday like she routinely did.

13. Come Friday October 11, Carmen's husband could no longer sit and wait for the Nurse to come as his wife suffered badly. He called 911 for an ambulance and it took the paramedics no

longer than twenty minutes to arrive to the scene. The Nurse arrived just after Carmen was placed inside the ambulance. The Nurse, seeing as professionals had already arrived to attend to Carmen's health, called Carmen's husband and informed him that she was abandoning the scene because her presence was no longer required. Carmen's husband has not seen the Nurse since.

14. At around 6:35pm of Friday, October 11, 2013, Carmen was admitted at Hospital Oriente, Inc., located in Humacao, Puerto Rico. She was diagnosed severe sepsis caused by a left leg infection. Once there, the doctor in charge, Dr. Daniel Rodríguez Mandes, informed Carmen's husband that Carmen's infection was too severe, that the Nurse providing treatment had been negligent, and that Carmen needed to be transferred to the Intensive Care Unit and submitted to Dialysis because one of her kidneys had failed.

15. While in her stay at Hospital Oriente, Inc., Carmen had to be resuscitated once. Unfortunately, on October 14, 2013, Carmen passed away. The cause of her death was determined to be severe sepsis, acute kidney failure and gangrene.

16. As a result of the negligent acts toward Carmen by the Defendants, Carmen died. Defendants are jointly liable for such medical complications by having been negligent in the treatment, supervision and medical care of her assigned patient, Carmen.

17. As a result of the negligent acts performed on Carmen by the Defendants, Omayra Reyes has suffered mental anguish at forever losing he mother with whom she had a strong relationship.

18. The damages suffered by Plaintiff were due solely to the negligence of Best Option who created and/or allowed the creation of a condition of danger that was maintained until Carmen's death by not providing proper care, diagnosis, attention, supervision, medicine and necessary medical directives and orders according to the standards of the medical profession to

4

cure Carmen's left leg blisters and boils The Nurse, as a professional in her field, was equally negligent in her treatment of Carmen by not treating Carmen as she should have been treated.

## V. Causes of Action

19. Best Option, through their medical supervisory staff, as well the Nurse, were individually and collectively negligent and incurred in medical malpractice for having deviated from the medical standards applicable to the profession, particularly for violating the duty to act in accordance with the generally recognized standard given the circumstances present in Carmen. Defendants failed to provide adequate and effective treatment to Carmen's medical condition on her left leg. Had Defendants done so, as required by the recognized standards, Carmen would have not died. For their negligence, the Defendants are jointly liable to Omayra Reyes for damages under Article 1802 and Article 1803 of the Puerto Rico Civil Code.

20. Insurance Company "A" and Insurance Company "B", whose real names are presently unknown, issued insurance policy or policies in favor of the Defendants that covers acts of negligence such as those alleged in this Complaint. Therefore, pursuant to applicable law, Insurances Companies "A" and "B" are jointly liable to Plaintiff under the provisions of 26 LPRA § 1003, *et seq*.

## VI. Damages

21. Plaintiff, Omayra Reyes, has suffered and will always suffer damages in the form of mental anguish for having learned the horrendous way the condition of her mother deteriorated to the point of death. She always will also suffer for having lost her mother with whom she had a wonderful relationship, all of these on account of the defendants. These damages are estimated in excess of $500,000.00.

22. Furthermore, Plaintiff has suffered special damages associated to the death of Carmen in excess of $5,000.00.

### VII. Prejudgment Interest, Attorneys Fees and Cost

23. In the event Defendants deny their negligence or liability for the death of Carmen and the consequential damages suffered by Omayra Reyes, by assuming such reckless conduct, Plaintiff is entitled to pre-judgment interest to be computed over the amount recovered through this Complaint, as well as a reasonable amount of attorney's fees, as permitted by law.

### VIII. Trial by Jury

24. Plaintiff demands that the instant action be tried before a jury.

**WHEREFORE**, Plaintiff respectfully requests from this Honorable Court a judgment against Defendants, jointly and severally, for the damages sustained by Plaintiff, as well as the award of costs, attorney's fees, interest and any other relief allowed in law and/or equity the Court might deem proper, regardless of whether said remedy was herein claimed or not.

**RESPECTFULLY  SUBMITTED**.

In San Juan, Puerto Rico, this 8th day of October 2014.

*s/ Humberto Guzmán-Rodríguez*
**HUMBERTO GUZMÁN-RODRÍGUEZ**
USDC-PR 128308
PMB 733
1353 Ave Luis Vigoreaux
Guaynabo, PR 00966
Tel: (787) 767-7502
Fax: (787) 200-7399
hguzman@grllaw.net